# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES J. CLARK, JR.,

    Plaintiff,

v.

CLARK COUNTY HUMAN RESOURCE DIVISION, et al.,

    Defendant(s).

Case No.: 2:19-cv-01567-GMN-DJA

**ORDER**

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1).

**I.**    *In Forma Pauperis* **Application**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.**    **Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the

complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*

*v. Williams*, 482 U.S. 386, 392 (1987). In this case, Plaintiff attempts to bring claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. *See* Compl. (ECF No. 1-1). Claims under both statutes invoke the Court's federal jurisdiction.

Having determined that federal-question jurisdiction exists under the well-pleaded complaint rule, the Court now turns to the sufficiency of the factual allegations to state a claim. In order to state a Title VII discrimination claim, Plaintiff must allege that: (a) he belonged to a protected class; (b) he was qualified for his job; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir.2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir.2002)). See 42 U.S.C. § 2000e–3(e).

In order to state a failure-to-hire/promote disparate treatment claim under the ADEA, Plaintiff must allege: (a) that he is a member of a protected class; (b) he was qualified for the position; (c) despite his qualifications, he was denied the position; and (d) subsequently, the position was filled by someone younger than Plaintiff. *See generally McDonnell Douglas*, 411 U.S. 792, 802 (1973); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000).

To his Complaint, Plaintiff attaches the dismissal and right to sue issued by the EEOC on August 23, 2018. The Court may take judicial notice of this document. *See*, *e.g., Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (finding that "court[s] may take judicial notice of 'records and reports of administrative bodies' "), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991); *Mazzorana v. Emergency Physicians Med. Grp., Inc.*, 2:12–cv–01837–JCM–PAL; 2013 WL 4040791, at *5 n.3 (D. Nev. Aug. 6, 2013) (taking judicial notice of EEOC proceedings and documents submitted therein). Within 90 days of receipt of the dismissal and right-to-sue letter from the EEOC, an individual may file a lawsuit against the respondent under federal law based on Title VII in federal or state court. 29 C.F.R. § 1601.28(e)(1). On August 23, 2019, the U.S. Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Right to Sue letter to Plaintiff. (ECF No. 1-2, 2). Plaintiff subsequently

filed the instant action on September 9, 2019. Therefore, Plaintiff's employment discrimination complaint pursuant to Title VII is timely.

Upon 60 days of filing a charge with the EEOC, but no later than 90 days after one receives notice that the EEOC's investigation is concluded, one may file a lawsuit in court pursuant to ADEA. Plaintiff noted that 60 days or more have elapsed since filing his charge of age discrimination with the EEOC regarding Defendants' alleged discriminatory conduct. (ECF No. 1-1, 5). For the reasons stated above, Plaintiff's employment discrimination complaint pursuant to ADEA is timely.

However, Plaintiff's Complaint seeks to state claims against two individual defendants. There is no individual liability for discrimination under federal law. *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583 (9th Cir. 1993) (holding individual defendants cannot be liable for damages under Title VII and ADEA). Rather, Plaintiff may only bring suit against the employer entity, who may be found liable for the actions of its employees under the respondeat superior theory of liability.

Additionally, Plaintiff's Title VII and ADEA claims lack sufficient factual allegations for the Court to find that he can state a plausible claim for relief. He attaches a letter (ECF No. 1-2) that appears to indicate that he is attempting to state a failure to hire/promote claim. It is not clear whether he was qualified for the position he was seeking and that similarly situated applicants not in his protected class received more favorable treatment in the hiring process. For the reasons stated above, the complaint does not state a claim for which relief can be granted under either Title VII or the ADEA. Although it is not clear that the deficiencies identified can be cured, the Court will allow Plaintiff an opportunity to file an amended complaint to the extent he believes that he can state a claim.

**III.     Counsel and Waiver of Service Requests**

Plaintiff also appears to request that pro bono counsel be appointed for him. (ECF No. 1-2). There is no constitutional right to appointed counsel in civil actions. Under 28 U.S.C. § 1915(e)(1), the district court may request that an attorney represent an indigent civil litigant. *See, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1) ("The

court may request an attorney to represent any person unable to afford counsel."). While the decision to request counsel is a matter that lies within the discretion of the district court, the court may exercise this discretion to request or "appoint" counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*. However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *Angel v. Smith*, 2009 WL 3165451 at *1 (D. Nev. Sept. 29, 2009) (citing *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987)).

Plaintiff's request for the appointment of counsel is denied without prejudice. Plaintiff has demonstrated sufficient writing ability and knowledge of the law and facts to proceed *pro se*. Moreover, at this early stage, it is premature to determine whether Plaintiff's claims have arguable merit or whether additional factors warrant appoint counsel. *Bush v. Dept. of Human Serv*., 485 Fed. Appx. 594, 597 (3d. Cir. 2012 (holding that "that the District Court did not abuse its discretion in denying [the Plaintiff's] requests for appointment of counsel" when Plaintiff requested appointment of counsel at an early stage of the proceedings).

Further, Plaintiff appears to request that service be waived (ECF No. 1-4). However, given that the Court has not yet permitted his complaint to proceed, it will deny this request as premature.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pre-pay the filing fee of four hundred dollars ($400.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting

leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (ECF No. 1-1) on the docket.

3. The complaint is **DISMISSED WITHOUT PREJUDICE** providing Plaintiff with leave to amend. Plaintiff will have until **November 14, 2019**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

5. Plaintiff's request for pro bono attorney assistance (ECF No. 1-2) is **denied without prejudice**.

6. Plaintiff's request for waiver of service (ECF No. 1-4) is **denied without prejudice**.

IT IS SO ORDERED.

Dated: October 15, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE