# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES J. CLARK, JR.,

    Plaintiff,

v.

CLARK COUNTY HUMAN RESOURCE DIVISION, et al.,

    Defendant(s).

Case No.: 2:19-cv-01567-GMN-DJA

**ORDER**

This matter is before the Court on Plaintiff's Amended Complaint (ECF No. 6), filed on October 16, 2019. The Court previously granted Plaintiff's request to proceed *in forma pauperis* and dismissed his complaint without prejudice for failure to state a claim for relief. (ECF No. 5). He was granted the opportunity to amend and the instant Amended Complaint (ECF No. 6) is ripe for the Court's screening pursuant to § 1915(e).

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim

showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiff again attempts to bring claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. *See* Amended Complaint. (ECF No. 6). Claims under both statutes invoke the Court's federal jurisdiction. However, he fails to attach the dismissal and right to sue notice that he claims was issued by the EEOC on August 23, 2018. Nevertheless, even assuming his Plaintiff's employment discrimination complaint pursuant to

Title VII and the ADEA is timely, the fatal flaw in the Amended Complaint is it completely lacks sufficient factual allegations to state a claim.

In order to state a Title VII discrimination claim, Plaintiff must allege that: (a) he belonged to a protected class; (b) he was qualified for his job; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir.2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir.2002)). See 42 U.S.C. § 2000e–3(e).

In order to state a failure-to-hire/promote disparate treatment claim under the ADEA, Plaintiff must allege: (a) that he is a member of a protected class; (b) he was qualified for the position; (c) despite his qualifications, he was denied the position; and (d) subsequently, the position was filled by someone younger than Plaintiff. *See generally McDonnell Douglas*, 411 U.S. 792, 802 (1973); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000).

It is not clear whether Plaintiff was qualified for the position he was seeking and that similarly situated applicants not in his protected class received more favorable treatment in the hiring process. Moreover, yet again, Plaintiff's Amended Complaint seeks to state claims against two individual defendants. There is no individual liability for discrimination under federal law. *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583 (9th Cir. 1993) (holding individual defendants cannot be liable for damages under Title VII and ADEA). Rather, Plaintiff may only bring suit against the employer entity, who may be found liable for the actions of its employees under the respondeat superior theory of liability.

For the reasons stated above, the Amended Complaint does not state a claim for which relief can be granted under either Title VII or the ADEA. Although it is not clear that the deficiencies identified can be cured, the Court will allow Plaintiff an opportunity to file a second amended complaint to the extent he believes that he can state a claim.

Accordingly, **IT IS ORDERED** that:

1. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE** providing Plaintiff with leave to amend. Plaintiff will have until **January 21, 2020**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to

amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

2. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: December 27, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE